**Evan J. GRAHAM, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendants.**

**Civ. A. No. 92–0147.**

United States District Court, District of Columbia.

July 10, 1992.

R. Kenneth Mundy, Washington, D.C., for plaintiff.

Steven J. Anderson, Asst. Corp. Counsel, Washington, D.C.,

## ORDER

REVERCOMB, District Judge.

Plaintiff, in his amended complaint against defendant District of Columbia, filed a 42 U.S.C. § 1983 claim alleging Fourth Amendment violations. Plaintiff's complaint alleges an incident in which two District of Columbia police officers intentionally and without authorization assaulted the plaintiff, using unreasonable and excessive force in an effort to detain him. Amended Complaint at Para. 10. Plaintiff asserts that the officers were acting within the scope of their employment and enforcing a policy of the defendant that allowed them to use unreasonable force to detain unarmed and nondangerous individuals. Defendant District of Columbia has moved for dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the sole ground that the complaint fails to meet the heightened pleading standard required under 42 U.S.C. § 1983. Although the Court is not persuaded by Defendant's basis for dismis-

sal[1], for the reasons set forth below, the Court must nonetheless dismiss the complaint for failure to state a claim upon which relief can be granted.

On a motion to dismiss under Rule 12(b)(6), the Court's inquiry essentially is limited to the content of the complaint, although items appearing in the record of the case also may be taken into account. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* Section 1356–1357 (1990). While the Court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory, as a practical matter, a dismissal under Rule 12(b)(6) is appropriate in cases "in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* at 1357. The Court is to accept the plaintiff's description in the complaint of what happened to him along with any conclusions that can reasonably be drawn from that description. *Id.* "However, the Court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from the description of what happened, or if these allegations are contradicted by the description itself." *Id.*

Plaintiff has filed his action solely against the District of Columbia and has not named the individual officers who allegedly assaulted him. In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the Supreme Court held that "local governing bodies ... can. be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." The Court further held that

> [a] local government may not be sued under 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under 1983.

*Id.* at 694, 98 S.Ct. at 2037.[2]

In his complaint, plaintiff alleges that the two District of Columbia police officers "[w]ere acting within the scope of. their employment with the Defendant and enforcing a policy of the Defendant that allowed them to use unreasonable force to detain unarmed and nondangerous individuals." Amended Complaint Para. 10 (emphasis added)[3]. However, plaintiff identi-

---

1. Defendant cites *United States v. City of Philadelphia,* 644 F.2d 187, 204–05 (3rd Cir.1980), to support its contention that the heightened pleading standard's requirement of greater factual specificity in stating Constitutional claims against individuals applies with equal force to claims of municipal liability. The Court is aware of no precedent in this Circuit to indicate application of the heightened pleading standard to cases, like this one, brought exclusively against the municipality, as opposed to cases against government officials or employees. *See, e.g., Andrew v. Wilkins,* 934 F.2d 1267 (D.C.Cir. 1991). *City of Philadelphia* provides, at most, tenuous support for this proposition. As this Court finds other grounds on which to grant defendant's Motion to Dismiss, the Court declines to rule on the application of the heightened pleading standard to cases against municipalities.

2. *Monell* likewise held that a "[m]unicipality cannot be held liable on a respondeat superior or vicarious liability theory." *Id. See also Gra-*

*ham v. Davis,* 880 F.2d 1414, 1421 (D.C.Cir. 1989); *Hunter v. District of Columbia,* 943 F.2d 69, 74 (D.C.Cir.1991). Thus, any such claim based on plaintiff's contention that "the officers were acting within the scope of their employment" would appear to be barred.

3. The full text of paragraph 10 of plaintiff's amended complaint reads as follows: "[T]he intentional and unauthorized pushing, punching, and kicking of Graham constituted an assault, and unreasonable and excessive force, under the circumstances, to detain him in violation of his rights under the Fourth Amendment of the Constitution of the United States. During the attempts to detain Graham, officers Rusnak and Johnson were acting within the scope of their employment with the Defendant and enforcing a policy of the Defendant that allowed them to use unreasonable force to detain unarmed and nondangerous individuals. The enforcement of that policy was the direct cause of the assault on Graham."

fies no specific District of Columbia policy, ordinance, regulation, or officially adopted decision that "allowed [the officers] to use unreasonable force." *Id.* While it is not completely clear whether such failure to allege a specific policy is, on its own, grounds for dismissal[4], in order for the District of Columbia to be liable, plaintiff is at least required to plead facts sufficient to support the inference that the officers were acting pursuant to *some* policy of the District.

Absent an allegation of some particular policy pursuant to which the officers acted, the Court must view the plaintiff's claims in light of the District of Columbia's positive law and official policy prohibiting use of excessive force by police officers and subjecting offending officers to sanctions. *See, e.g.,* D.C.Code 4–176 (1981) ("Any officer who uses unnecessary and wanton severity in arresting or imprisoning any person shall be deemed guilty of assault and battery and, upon conviction, punished therefor"); 6A D.C.Mun.Regs. 207.1 ("It is the policy of the Metropolitan Police Department that each member of the Department shall in all cases use only the minimum amount of force which is consistent with the accomplishment of his or her mission").

In light of the District's enactments prohibiting use of excessive force, plaintiff's assertion that the officers in this case were "enforcing a policy of the Defendant" amounts to a legal conclusion for which the Court is aware of no basis in fact. While plaintiff may have a viable cause of action against the individual officers named in the complaint or against city officials, subject to the heightened pleading standard, the facts alleged provide no basis for inferring potential municipal liability. Accordingly, defendant's motion to dismiss the amended complaint must be granted, and this case is dismissed.

SO ORDERED.

---

**4.** In *Graham v. Davis,* 880 F.2d 1414, 1421 (D.C.Cir.1989), the Court declined to reach the issue of whether failure to identify a specific policy is grounds for dismissal. However, in *Hunter v. District of Columbia,* 943 F.2d 69, 74 (D.C.Cir.1991), the Court held that the "[d]ismissal of [plaintiff's] claims against the District of Columbia was warranted because [plaintiff] alleged neither a municipal policy that led to the alleged police misconduct, nor any action by a District policymaker amounting to 'deliberate indifference' to rights of the public" (emphasis added). The Court notes parenthetically that plaintiff's amended complaint also states no facts that would support an inference of "deliberate indifference" by a District of Columbia policy maker.